**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

VIRGINIA YOUNGWIRTH,

          Plaintiff,

vs.

ANDREW SAUL, Commissioner of Social Security[1],

          Defendant.

2:19-cv-00407-VCF

**Order**

MOTION TO REMAND [ECF NO. 15]; CROSS-MOTION TO AFFIRM [ECF NO. 16]

      This matter involves plaintiff Virginia Youngwirth's request for a remand of the Administrative Law Judge's ("ALJ") final decision denying her social security benefits.  Before the Court are Youngwirth's motion for remand (ECF No. 15) and the Commissioner's cross-motion to affirm. (ECF No. 16).  The Court denies plaintiff's motion to remand and grants the Commissioner's cross-motion.

**I.     Standard of Review**

      The Fifth Amendment prohibits the government from depriving persons of property without due process of law.  U.S. Const. amend. V.   Social security plaintiffs have a constitutionally protected property interest in social security benefits.  *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990).  When the Commissioner of Social Security renders a

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also section 205(g) of the Social Security Act, 42 USC § 405(g) (action survives regardless of any change in person occupying the office of Commissioner of Social Security).

1

final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

The District Court's review is limited.  *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence."  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence).  If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation.  *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  The Commissioner's decision will be upheld if it has any support in the record. *See, e.g., Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

**II.    Discussion**

The Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process for determining whether an individual is disabled.  20 C.F.R. § 404.1520.  The ALJ concluded plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 1, 2011.  (AR[2] at 52). The ALJ found plaintiff had numerous severe impairments, "that significantly limit the ability to perform

---

[2] The Administrative Record ("AR") is found at ECF No. 14-1.

basic work[ ]." (*Id.*). These were: depressive disorder not otherwise specified, mild, reactive to somatic concerns/Major Depressive Disorder, Moderate, Recurrent; personality disorder, not otherwise specified, with antisocial features/Unspecified Personality Traits, Cluster B; bipolar affective disorder; Posttraumatic Stress Disorder; remote history of hepatitis C virus/liver disease; obstructive sleep apnea; chronic obstructive pulmonary disease (COPD) morbid obesity; and, degenerative joint disease and disc disease of the lumbar and cervical spine.

The ALJ found plaintiff's impairments, while severe, did not meet or medically equal the severity of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. (AR 54). The ALJ concluded plaintiff has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567 and 416.967, except: she can occasionally climb ramps and stairs; she can occasionally climb ladders, but never climb scaffolds or ropes; she can frequently balance; she can occasionally stoop, kneel, crouch, and crawl; she can use her hands for frequent handling, fingering, and feeling; she can frequently reach; she can use foot controls frequently; she can frequently push and pull; she can have frequent exposure to dust, fumes, gases, poor ventilation, temperature extremes, humidity and wetness, and to vibration; she can have occasional exposure to hazards, such as heights or dangerous moving machinery; she can occasionally operate motor vehicles; due to mental impairment, she can understand, remember, and carry out simple instructions to perform work, which needs little to no judgment, to do simple duties, that can be learned on the job in a short period of 30 days or less, with brief and superficial interactions with coworkers and supervisors but no public contact; and she can have no more than occasional changes in work routine or tasks due to reduced stress tolerance. (AR 55).

At step four of the sequential analysis, the ALJ found that Youngwirth cannot perform her past relevant work as a kitchen helper and cashier II. (AR 64). The ALJ adopted the testimony of the vocational expert that an individual of Youngwirth's age, education, work experience, and residual

3

functional capacity could perform the work of industrial cleaner; machine feeder; toy assembler; routing clerk; inspector, hand packager; addresser; sorter, agricultural products; and final assembler. (AR 65). The vocational expert also testified these occupations exist in the national economy. (*Id.*). The ALJ concluded that plaintiff was not under a disability within the meaning of the Social Security Act from May 11, 2011 through the date of the decision on January 2, 2018. (AR 66).

Plaintiff challenges the ALJ's conclusions on the ground that the ALJ improperly rejected the opinion of plaintiff's therapist. (ECF No. 15 at 6).  Plaintiff argues the ALJ did not properly consider the opinion of her therapist, David Lory VanDerBeek, Licensed Marriage and Family Therapist (LMFT), because the ALJ did not articulate, "specific, germane reasons" for rejecting VanDerBeek's opinions.

The Commissioner argues the ALJ gave numerous germane reasons for rejecting VanDerBeek's opinions. (ECF No. 16 at 3). The Commissioner also argues that since VanDerBeek is not an acceptable medical source the standard to reject his opinion is low. (*Id*. at 7).

**A. Discounting VanDerBeen's Opinion**

"[T]o reject the testimony of a medically acceptable treating source, the ALJ must provide specific, legitimate reasons based on substantial evidence in the record…[but] only licensed physicians and certain other qualified specialists are considered '[a]cceptable medical sources.'" *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), citing to 20 C.F.R. § 404.1513(a) and *Valentine v. Comm'r SSA*, 574 F.3d 685, 691-92 (9th Cir. 2009). Practitioners such as physician's assistants, nurse practitioners, chiropractors, audiologists, naturopathic physicians, and therapists, are "other sources." 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1) (2013). A provider deemed an "other source" is entitled to less deference and "[t]he ALJ may discount testimony from these other sources if the ALJ gives reasons germane to each witness for doing so." *Molina*, 674 F.3d at 1111 (internal citations omitted). "[I]t may be

appropriate to give more weight to the opinion of a medical source who is not an acceptable medical source if he or she has seen the individual more often than the treating source[ ]." 20 C.F.R. § 404.1527.

The regulations define other sources in two groups: (1) other medical sources; and (2) other non-medical sources. 20 C.F.R. § 404.1513(d)(1), § 416.913(d)(1).  Evidence from other medical sources, including therapists, nurse-practitioners, and physicians' assistants, may be used to show the severity of an impairment and how it affects the ability to work. 20 C.F.R. § 404.1513(d)(1), § 416.913(d)(1). Other medical sources are able to provide evidence about "the severity of [plaintiff's] impairment(s) and how it affects [plaintiff's] ability to work."20 C.F.R. § 404.1513(d); see also *Garrison v. Colvin*, 759 F.3d 995, 1023 (9th Cir. 2014); but see *Molina*, 674 F.3d at 1111 (finding that an ALJ may reject the opinion of an "other medical source" where the opinion is conclusory, provides little explanation of the evidence relied on, or is inconsistent with the opinion of an acceptable medical source.)   Social Security Rulings indicate other medical source opinions can outweigh the opinions of acceptable medical sources in some cases. See Social Security Ruling ("SSR") 06-03P, 2006 SSR LEXIS 5, available at 2006 WL 2329939.

The Social Security Administration has opined "[o]pinions from these medical sources [including therapists], who are not technically deemed 'acceptable medical sources' under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." SSR 06-03p, 2006 SSR LEXIS 5.  The Social Security Administration has opined that other medical source's opinions are determined by analyzing the same factors utilized for weighing opinions from "acceptable medical sources." SSR 06-03p, 2006 SSR LEXIS 5.  The ALJ should consider how long the source has known and how frequently the source has seen the individual; how consistent the opinion is with the other evidence; the degree to which the source presents relevant evidence to support an opinion; how well the source explains the opinion;

whether the source has a specialty or area of expertise related to the individual's impairment(s); and any other factors that tend to support or refute the opinion. SSR 06-03p, 2006 SSR LEXIS 5.

The record shows that LMFT VanDerBeek is a licensed therapist who has treated the plaintiff on a bi-weekly basis since September 15, 2014. AR 1104. VanDerBeek provided multiple letters that detail his familiarity with the plaintiff's history regarding her manic episodes, medical history, suicidal ideation, and mental impairments.  (AR 1104, 1173, 1232-1233). VanDerBeek opined that he has treated plaintiff since September 2014 and that she met the diagnostic criteria for post-traumatic stress disorder, major depressive disorder, sexual assault of a child (victim), and physical abuse of adult (victim). (AR 1104). He discusses in graphic detail multiple horrific events from plaintiff's life that he believes supports this diagnosis: as a licensed therapist this is not outside of his specialization. (*Id.*). VanDerBeek updated his opinion to note that plaintiff also meets the diagnostic criteria for partner violence, physical and sexual (victim). (AR 1173). At the end of the letter, he notes that plaintiff also has "physical disabilities" but he does not provide any detail or diagnosis regarding physical disabilities. (*Id.*). VanDerBeek's third letter notes that plaintiff has been previously diagnosed as bipolar and he opines that her behavior and history is consistent with that diagnosis. (AR 1232). VanDerBeek notes that plaintiff sleeps for days at a time and that she reports seeing spirits of deceased people. (*Id.*) VanDerBeek again notes at the end of the letter that she has "physical disabilities" but he does not comment on the physical disabilities: the letter is focused on plaintiff's mental state, which is consistent with his area of specialization. (AR 1233).

VanDerBeek also submitted a medical source statement (mental) to the Appeals Council detailing his treatment history with the plaintiff wherein he opines that she is mentally unwell and unable to work. (AR 104). This Court may consider new and material evidence considered by the

6

Appeals Council and made part of this record when reviewing the ALJ's decision for substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

The opinions of long-time treating medical sources are usually afforded deference, and here ALJ rejected the opinions of plaintiff's long-time treating therapist. The ALJ stated that, "because this opinion is not from an acceptable medical source, I give it less weight than other qualifying medical source opinions. (20 CFR 404.1513(a)(e) and 416.913(a)(e))." VanDerBeek's status an "other medical source" does not by itself warrant rejecting his opinion. The ALJ must still weigh other factors, such as the examining relationship, length and frequency of treatment and examination, nature and extent of the treatment relationship, supportability, consistency, and specialization. 20 C.F.R. §§ 404.1527 (c)(1)-(c)(6), (f)(1) and 416.927 (c)(1)-(c)(6), (f)(1). It does not appear that the ALJ considered the length and frequency of plaintiff's treatment, the examining relationship between the plaintiff and the VanDerBeek, or his specialization as a licensed marriage and family therapist, which all appear to weigh in favor of more weight because VanDerBeek treats the plaintiff's mental impairments.

The ALJ also found that, "[VanDerBeek's] opinion is without substantial support from any objective clinical or diagnostic findings in the record, and the opinion expressed is quite conclusory, providing very little explanation of the evidence relied on in forming that opinion." (AR 62). The ALJ found that VanDerBeek's opinions were inconsistent with the opinions of acceptable medical sources, such as licensed psychologists Drs. Towle and Foster whom the ALJ gave weight to earlier in the opinion (AR 62 referencing AR 60), which is a specific, germane reason for rejecting VanDerBeek's opinion. The ALJ also found that VanDerBeek's opinions conflicted with the medical evidence in the record, such as Drs. Towle and Foster's diagnostic tests showing average immediate and working memory, average intelligence, with at least an ability to carry out simple instructions (AR 60 referencing AR 678-687, 1212-1217, 1219). The ALJ assessment that VanDerBeek's opinions were conclusory and

conflicted with the record are specific and germane reasons for discounting his opinion. The ALJ's decision need only be a rational interpretation of the evidence, not an exclusive one. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld). Where the evidence as a whole might support a different outcome, the reviewing court may not substitute its own judgment for the ALJ's. See *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007). Even if one of the reasons were in error, if there are other valid germane reasons given, the agency decision should be affirmed. See *Frost v. Berryhill*, 727 F. App'x 291, 294 (9th Cir. 2018). The ALJ did not err in discounting VanDerBeek's opinions where it conflicted with the record; the ALJ provided specific, germane reasons for discounting VanDerBeek's opinions. Having reviewed the administrative record as a whole, the Court finds that the ALJ's decision is supported by substantial evidence.

Accordingly,

IT IS ORDERED that plaintiff's motion for reversal and/or remand (ECF No. 15) be DENIED and the Commissioner's cross-motion to affirm (ECF No. 16) be GRANTED.

The Clerk of Court is directed to enter final judgment in favor of the defendant and against the plaintiff, affirming the final decision of the Commissioner

DATED this 27th day of May 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE